# CASES ARGUED and DETERMINED.

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1919.

CONTINENTAL CASUALTY CO. v. HARDENBERGH.

[83 South. 278, In Banc. No. 20887.]

1. INSURANCE. *Validity of clause restricting recovery.*
   A clause in an insurance policy providing that where the accidental injury causing the loss, or the loss itself results from freezing by the insured while not engaged in his occupation, the recovery shall be limited to one-eighth the usual amount, is valid.

2. INSURANCE. *Evidence sufficient to establish death by freezing.*
   Where the evidence showed that insured went hunting and was found next morning lying on his back with a part of one leg in a marshy hole and his body frozen, these facts did not warrant the jury in finding that his death was proximately caused by getting his foot caught, but only established that his death was caused by freezing and he was only entitled to recover one-eighth the usual amount under a policy so providing.

APPEAL from the circuit court of Copiah county.

HON. D. M. MILLER, Judge.

Suit by Mrs. Jennie Hardenbergh against the Continental Casualty Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*G. Q. Whitfield, R. N. & H. B. Miller, Manton Maverick, M. P. Cornelius, Geo. R. Sanderson* and *Murphy O. Tate,* for appellant.

*M. S. McNeil,* for appellee.

121 Miss]            (1)

SYKES, J., delivered the opinion of the court.

The appellee, plaintiff in the circuit court, sued and recovered a judgment against the appellant for one thousand dollars for the death of her son Levy Hardenbergh, as the beneficiary under the conditions and clauses of an accident insurance policy issued by the appellant company to the deceased. The material parts of this policy are as follows:

"The Continental Casualty Company—Incorporated by the state of Indiana as a stock company. Old Line Plan. General Office, Chicago, Illinois (hereinafter called the company) —In consideration of the warranties and agreements contained in the application hereof and the payment of premium as therein provided, does on this 24th day of December, A. D. 1917, hereby insure Mr. Levy Hardenbergh (hereinafter called the insured) in class Spl. —— of the company, as a water service man, in the principal sum of one hundred dollars, with weekly indemnity of ten dollars, and subject to the conditions hereinafter specified promises to pay to the insured or to his beneficiary, Jennie Hardenbergh, his mother, indemnity as scheduled below, in the event that said insured, while this policy is in force, shall receive personal, bodily injury, which is effected directly and independently of all other causes through external, violent, and purely accidental means (suicide, sane or insane, not included), and which causes at once total and continuous inability to engage in any labor or occupation, and provided that neither such injury nor inability is in consequence of nor contributed to by any bodily or mental defect, disease, or infirmity of the insured.

"Specific Indemnity.

"Part I. If, within ninety days from the date of the accident, any one of the following losses shall result necessarily and solely from such injury as is before described, the company will pay in lieu of any other indem-

nity and within ninety days from the furnishing of proof: A. For loss of life, said principal sum.  .  .  .

"Special Indemnities.

"Part III. A. In any of the losses covered by this policy and specified in parts I or II;  .  .  .  or (3) where either the accidental injury causing the loss or the loss itself results from any poison, asphyxiation or gas, or from fits, vertigo, somnambulism, or intoxication, or from sunstroke or freezing sustained by the insured while not engaged in his occupation;  .  .  .  then and in all cases referred to in this paragraph A. of part III, the amount payable shall be one-eighth of the amount which otherwise would be payable under this policy, anything in this policy to the contrary notwithstanding, and subject otherwise to all the conditions in this policy contained."

This policy was in effect at the time of the death of the insured.

The facts relating to the death are undisputed and present a very pathetic picture. The insured went duck hunting on the morning of December 28, 1917, at a small station on the Illinois Central Railroad a few miles north of New Orleans, named La Branche. There was a hunting club house at this place, and the keeper upon parting with the deceased that morning agreed to meet him at a certain point at 5 o'clock in the afternoon. The hunting ground was over a marshy swamp practically covered with water. The deceased wore hip boots and carried his gun and ammunition. It was a very cold day, and the wind was blowing almost a gale during the day. The thermometer stood at about ten degrees above zero. The deceased failed to keep his appointment that afternoon with the lodgekeeper. A fruitless search was made by the keeper and others for the deceased until midnight that night. Signal lights were also displayed to guide the deceased to his place of destination. The next morning a party of searchers was led to the body of the

deceased by a hunting dog which belonged to the game-keeper, but had accompained the deceased on the hunt. The deceased was lying on his back dead about one hundred and fifty yards from the agreed meeting point with the gamekeeper. The water around his body had frozen. His. face and the upper part of his body were not submerged, however. The body itself was frozen stiff. The left leg was sunk to the knee in a hole of some kind, and there was some little trouble in extricating it. There were one or two empty shells near the body, indicating that the deceased had fired his gun after getting his foot caught in this hole. About a mile from the body was found a string of twenty-one ducks evidently killed by the deceased in his hunt of that day. The undisputed testimony shows that the body of the deceased was frozen stiff, and that the water around his body had become frozen, and the ice had to be broken before it could be moved. The faithful dog had remained with the deceased all night, and the dog hair upon the clothing of the deceased showed that the dog had slept on the chest of the deceased.

It was the contention of the appellee in the lower court, and is his contention here, that it was a question of fact to be decided by the jury whether or not the proximate cause of the death of the deceased was getting his foot caught and mired up in the hole. The jury adopted this theory and returned a verdict in favor of the appellee for one thousand dollars.

The appellant contends that the uncontradicted testimony shows that the deceased met his death by freezing, and that under the terms of the policy above set out only one-eighth of the principal sum can be recovered. The insuring clause of this policy provides that where the insured shall receive personal injury which is effected directly and independently of all other causes, etc. Under part III, caption ''Special Indemnities,'' and eliminating those parts not material to this issue, clause 3 reads as follows:

"Where either the accidental injury causing the loss or the loss itself results from . . . freezing sustained by the insured while not engaged in his occupation."

Under this clause the insurer is liable for only one-eighth of the amount of the policy: First, where the injury causing the loss results from freezing; or, second, where the loss itself results from freezing. This clause of the policy is plain and unambiguous. It is a valid and binding clause. The parties to the contract were *sui juris* and had the right to make a contract with this clause therein. The uncontradicted facts in this case conclusively shows that the death was the result of freezing, and under the plain terms of the insurance contract above set out the recovery must be limited to one-eighth of the principal amount. Judgment will be entered here in favor of the appellant for this sum, namely, one hundred and twenty-five dollars with interest.

The judgment of the lower court is reversed, and judgment entered here for the appellee.

*Reversed, and judgment here.*